LAW OFFICES OF
O'KEKE & ASSOCIATES, P.C.
801 Franklin Avenue.
Brooklyn, New York 11238
Tel.: (718) 855-9595
Attorneys for plaintiff

---------------------------------X---------------------------

ERIC GERALD,                          :UNITED STATES DISTRICT COURT
                                      :EASTERN DISTRICT OF NEW YORK
               Plaintiff(s),          :CASE No.:_____
                                      :
     against                          :
                                      :   CIVIL ACTION
                                      :
THE CITY OF NEW YORK,                 :   COMPLAINT
JOHN DOE  AND "JANE DOE" 1- 8         :
inclusive, the names of the last      :
defendants being fictitious, the      :   PLAINTIFF DEMANDS
true names of the defendants being :     TRIAL BY JURY
unknown to the plaintiff.             :
                                      :
               Defendant(s).          :
---------------------------------X---------------------------

CV16-6492

DeARCY HALL, J.

LEVY, M.J.

TAKE NOTICE, the Plaintiff, Eric Gerald, hereby appears in this action by his attorneys, The Law Offices of O'keke & Associates, P.C., and demands that all papers be served upon them, at the address below, in this matter.

Plaintiff, Eric Gerald, by his attorneys, The Law Offices of O'keke & Associates, P.C., complaining of the defendants, The City of New York, and "John Doe" AND "Jane Doe" 1-8, collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1.    This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured

1

to the plaintiff by the Fourth, Fifth and Fourteenth
Amendments to the Constitution of the United States, and by
Title 42 U.S.C. § 1983 [and § 1985], [and arising under the
law and statutes of the State of New York].

## JURISDICTION

2.   The jurisdiction of this Court is invoked under 28 U.S.C.
§1343(3), this being an action authorized by law to redress
the deprivation of rights secured under color of state and
city law, statute, ordinance, regulation, custom and usage
of a right, privilege and immunity secured to the plaintiff
by the Fourteenth Amendment to the Constitution of the
United States.  Jurisdiction of this court exists pursuant
to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth
Amendments to the United States Constitution.

3.   All causes of action not relying exclusively on the
aforementioned federal causes of action as a basis of this
Court's jurisdiction are based on the Court's supplemental
jurisdiction pursuant to 28 U.S.C. §1367 to hear state law
causes of action. The events, parties, transactions, and
injuries that form the basis of plaintiff's federal claims
are identical to the events, parties, transactions, and
injuries that form the basis of plaintiff's claims under
applicable State and City laws.

4.   As the deprivation of rights complained of herein occurred
within the Eastern District of New York, venue is proper in
this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

5.   All conditions precedent to the filing of this action have
been complied with.

2

6.   This action, pursuant to applicable Laws, has been
     commenced within three (3) years after the happening of the
     event upon which the claim is based.

## PARTIES

7.   Plaintiff resides in Queens County, New York and is a
     resident of the State of New York.

8.   The actions which form the underlying basis for this case
     all took place in the City of Brooklyn in the County of
     Kings, within the jurisdiction of the Eastern District of
     New York.

9.   Defendants "John Doe" and "Jane Doe" 1'through'8 are
     unknown police officers for the City of New York, acting
     under color of state law.  They are being sued in both
     their individual and official capacity.

10.  The Defendant, City of New York is a municipality in the
     State of New York and employs the Defendants Police
     Officers.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11.  On or about October 9, 2015, at about 6:00 am plaintiff and
     one of his cousins were sleeping in one of the rooms in his
     aunt's apartment at 485 Fountain Avenue, Brooklyn, New York
     when plaintiff heard a loud sound.

12.  Suddenly, approximately five uniformed defendant police
     officers rushed into the room and ordered plaintiff to stay
     down. Plaintiff was then grabbed from the bed and roughly
     taken to the living room.

13.  The police officers searched Plaintiff's body and his
     surroundings but did not find anything. Plaintiff and his
     cousins were handcuffed, placed in a police van and
     transported to the NYPD 75th Precinct.

14. Plaintiff was pedigreed and placed in a cell. Plaintiff remained in the Precinct for several hours without access to food, water, phone call and usable toilet facilities.

15. Plaintiff was brought to an Interrogation Room, where he was interrogated for a long time, without being read his Miranda rights, while handcuffed to a pole. The police officers handcuffed plaintiff too tightly and refused to loosen the handcuffs despite plaintiff's repeated complaints about the tightness of the handcuffs and the pain it caused him, particularly while handcuffed to a pole.

16. Plaintiff was then transported to the Central Bookings Division of the Criminal Court in Kings County and placed in a holding pen with numerous other inmates.

17. Plaintiff was detained for several more hours at the Central Bookings Division of the Criminal Court without food and or drink or access to useable restroom facilities.

18. Plaintiff was falsely charged with PL 220.03, Criminal possession of a controlled substance in the seventh degree; and was made to appear before a judge of the criminal court of Kings County Brooklyn, New York, two times before said charge was dismissed on January 14, 2016. Defendant police officers seized plaintiff's money in the amount of $1,600.00 (One Thousand Six Hundred Dollars) and only gave him back $1,300.00 (One Thousand Three Hundred Dollars).

19. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.  At no time did the plaintiff engage in any conduct which in any way justified the brutal and unlawful actions of the police.

20. On the date and at the time defendant police officers unlawfully arrested, searched and or detained/imprisoned

4

plaintiff, they did not have a warrant or any lawful justification to do so.

21. The decision to arrest and charge the plaintiff was objectively unreasonable under the circumstances.

22. While plaintiff was being detained, the defendants individually and/or collectively completed arrest paperwork, in which they swore in part, that the plaintiff had committed a crime and/or offense.

23. The factual claims by the defendant officers were materially false and the defendant officers knew them to be materially false at the time they first made them, and every time thereafter when they repeated them.

24. The defendant officers forwarded these false allegations to the Kings County District Attorney ("KCDA") in order to justify the arrest and to persuade the KCDA to commence the plaintiff's criminal prosecution.

25. As a direct result of these false allegations by the defendant police officers; the plaintiff was criminally charged under Docket Number 2015KN066181.

26. At no time prior to or during the above events was there probable cause to arrest the plaintiff, nor was it reasonable for the defendants to believe that probable cause existed.

27. At no time did any defendant take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against the plaintiff.

28. The defendant officers intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

29. As a direct and proximate result of defendants' actions,

plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, and unwarranted severe anger bouts some or all of which may be permanent.

30. The false arrest of plaintiff, plaintiff's unlawful search, and wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

31. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

32. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

33. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

34. The defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the NYPD.

35. Defendant New York City had actual or constructive

6

knowledge that there was inadequate supervision over and /or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers and other blatant violations of the United States Constitution and rules and regulations of the NYPD. Despite ample notice and/or knowledge of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to ensure that NYPD members engaged in police conduct in a lawful and proper manner, inclusive of use of their authority as law enforcement officers with respect to the general public and specifically the plaintiff herein.

36. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic and institutional misuse and abuse of police authority by its NYPD employees and thereby deliberately and intentionally adopted, condoned and otherwise created through deliberate inaction and negligent supervision and NYPD policy, practice and custom of utilizing illegal and impermissible searches, arrests and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond plaintiff's arrest.

37. That all of the acts and omissions by the defendant officers described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

38. The existence of the unconstitutional customs and policies

may be inferred from repeated occurrences of similar wrongful conduct, as documented in a long history of civil actions in state and federal courts.

39. In an Order dated November 25, 2009, in <u>Colon v. City of New York, 09 CV 0008 (EDNY)</u>, the court held that:

> *Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration—through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department—there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.*

40. That on more than half of the occasions where the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

41. That the defendant New York City has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk and the inadequate level of supervision would lead to violation of individuals constitutional rights in general, and caused the violation of plaintiff's rights in

particular.

42. The actions of all defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

43. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

44. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983

45. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 44 of this complaint as though fully set forth herein.

46. The arrest, detention and imprisonment of plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

47. As a result of plaintiff's false arrest and imprisonment, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and has been otherwise damaged in his character and reputation.

48. Consequently, plaintiff has been damaged and hereby demands

compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

49. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

50. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

## AS A SECOND CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER:
## UNLAWFUL SEARCH UNDER 42 U.S.C § 1983

51. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 50 of this complaint as though fully set forth herein.

52. Following the plaintiff's arrest, the defendant officers searched and/or strip-searched and/or caused the plaintiff and/or his property to be searched and/or strip-searched, without any individualized reasonable suspicion that he was concealing weapons or contraband.

53. As a result of the foregoing, the plaintiff was subjected to an illegal and improper search and/or strip-search.

54. The foregoing unlawful search violated the plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

55. As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and

punitive damages in an amount to be determined at trial, against the defendant officers, individually and severally.

**AS A THIRD CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: FAILURE TO INTERVENE UNDER 42 U.S.C § 1983**

56. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 55 of this complaint as though fully set forth herein.

57. Each defendant officer had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

58. Each defendant officer failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

59. As a consequence of the defendant officers' individual and/or collective actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, serious personal injuries, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in an amount to be determined at trial, against the defendant officers, individually and severally.

**AS A FOURTH CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION/FALSIFICATION OF EVIDENCE**

60. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 59 of this complaint as though fully set forth herein.

61. Each defendant officer created false evidence against the

plaintiff.

62. Each defendant officer forwarded false evidence and false information to the prosecutors in the Kings County District Attorney's office.

63. Each defendant officer was directly involved in the initiation of criminal proceedings against the plaintiff.

64. Each defendant officer lacked probable cause to initiate criminal proceedings against the plaintiff.

65. Each defendant officer acted with malice in initiating criminal proceedings against the plaintiff.

66. Each defendant officer was directly involved in the continuation of criminal proceedings against the plaintiff.

67. Each defendant officer lacked probable cause in continuing criminal proceedings against the plaintiff.

68. Each defendant officer acted with malice in continuing criminal proceedings against the plaintiff.

69. Each defendant officer misrepresented and falsified evidence throughout all phases of the criminal proceeding.

70. Each defendant officer misrepresented and falsified evidence to the prosecutors in the Kings County District Attorney's office.

71. Each defendant officer withheld exculpatory evidence from the prosecutors in the Kings County District Attorney's office.

72. Each defendant officer did not make a complete statement of facts to the prosecutors in the Kings County District Attorney's office.

73. By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, each defendant officer violated the plaintiff's constitutional

right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

74. As a consequence of the defendant officers' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against each defendant officer, individually and severally.

### AS A FIFTH CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: EXCESSIVE FORCE UNDER 42 U.S.C § 1983

75. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 74 of this complaint as though fully set forth herein.

76. The level of force employed by one or more of the defendant officers was objectively unreasonable and in violation of the plaintiff's constitutional rights.

77. As a result of the aforementioned conduct of the defendant officers, the plaintiff were subjected to excessive force, resulting in serious and severe physical injuries.

78. As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiff suffered serious personal injuries, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against the defendant officers, individually and severally

### AS A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

79.   The Plaintiff hereby restates paragraph 1-78 of this complaint, as though fully set forth below.

80.   The Defendants Officers engaged in extreme and outrageous conduct, intentionally, negligently and or recklessly causing severe emotional distress to plaintiff.

81.   Plaintiff's emotional distress has damaged her personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

82.   Defendants, their officers, agents, servants, and employees were responsible for the intentional and/or negligent infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants Officers and security guards, defendant City of New York, as employer of the Officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

83.   As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A SEVENTH CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

84.   By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 83 of this complaint as though fully set forth herein.

85.   The commencement and continued prosecution of the criminal judicial proceeding against plaintiff, including the arrest, the imprisonment, and the charges against plaintiff were committed by or at the insistence of the defendant officers without probable cause or legal justification, and with malice.

86.   That the defendant officers were directly involved in the initiation of criminal proceedings against the plaintiff.

87.   That the defendant officers lacked probable cause to initiate criminal proceedings against the plaintiff.

88. That the defendant officers acted with malice in initiating criminal proceedings against the plaintiff.

89. That the defendant officers were directly involved in the continuation of criminal proceedings against the plaintiff.

90. That the defendant officers lacked probable cause in continuing criminal proceedings against the plaintiff.

91. That the defendant officers acted with malice in continuing criminal proceedings against the plaintiff.

92. That the defendant officers misrepresented and falsified evidence throughout all phases of the criminal proceeding.

93. That the defendant officers misrepresented and falsified evidence to the prosecutors in the Kings County District Attorney's office.

94. That the defendant officers withheld exculpatory evidence from the prosecutors in the Kings County District Attorney's office.

95. That the defendant officers did not make a complete statement of facts to the prosecutors in the Kings County District Attorney's office.

96. The criminal judicial proceeding initiated against plaintiff was dismissed on January 14, 2016 and terminated in the plaintiff's favor.

97. The arrest, imprisonment and prosecution of the plaintiff were malicious and unlawful, because plaintiff had committed no crime and there was no probable cause to believe that plaintiff had committed any crimes.

98. The defendant officers actions were intentional, unwarranted and in violation of the law. The defendant officers had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

99. As a consequence of the malicious prosecution by the defendant officers, plaintiff suffered a significant loss

of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against defendant officers, individually and severally.

100. In addition, the defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

101. The defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

102. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

**WHEREFORE**, plaintiff respectfully requests judgment against the Defendants as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;

2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

4. For such other and further relief as the court deems proper.

Dated: November 22, 2016
       Brooklyn, New York

O'keke& Associates, PC.

John C. Iwuh, Esq. (JI-2361)
O'keke& Associates, PC.
Attorney for Plaintiff
801 Franklin Avenue
Brooklyn, New York 11238
Tel. (718) 855-9595
**Direct Dial: (347) 442-5089**

Civil Case Number:_____Attorney: JOHN C. IWUH [2361]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ERIC GERALD,

                                        Plaintiff(s),

        against


THE CITY OF NEW YORK,
JOHN DOE and JANE DOE 1-8

                                        Defendant(s).

---

**SUMMONS & COMPLAINT**
**DEMAND TRIAL BY JURY**

---

**O'keke & Associates, PC**
801 FRANKLIN AVENUE, BROOKLYN NY, 11238
PHONE: (718) 855-9595 FAX: (718) 855-9494
EMAIL: polawuk@aol.com,

---

To:


Defendants/Attorney(s) For Defendants.

---

Service of a copy of the within is hereby admitted

Dated:_____

Attorney(S) For:_____

---